**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

ANNUNCIATION HOUSE; ANGRY TIAS &
ABUELAS OF THE RIO GRANDE VALLEY;
JENNIFER HARBURY; FIEL HOUSTON

    Plaintiffs,

  v.

GREG ABBOTT, in his official capacity as Governor
of the State of Texas; and STEVEN MCCRAW, in his
official capacity as Director of the State of Texas
Department of Public Safety

    Defendants.

Case No. 3:21-cv-00178

## MOTION TO CONSOLIDATE

Pursuant to Federal Rule of Civil Procedure 42, Plaintiffs Annunciation House, Angry

Tias & Abuelas of the Rio Grande Valley, Jennifer Harbury, and FIEL Houston move to

consolidate this case with *United States v. State of Texas, et al.*, No. 3:21-cv-00173 (W.D. Tex.).

The United States consents to this motion.  Defendants oppose.

Consolidation is proper because Plaintiffs challenge the same policy as the United States,

bring similar claims, have already filed their preliminary injunction motion, and are prepared to

proceed on the same schedule.  Plaintiffs' case puts before the Court a wider range of plaintiffs

who face unique harms under the executive order.  Plaintiffs' motion also presents additional

legal theories focusing on the order's impact on migrants, border communities, shelters, and

NGOs.  Consolidation is appropriate so that the Court may consider this full range of harms and

claims in the same case, and avoid the unnecessary duplication of two parallel cases.

## BACKGROUND

On July 30, 2021, the United States filed a lawsuit against the State of Texas and Governor Greg Abbott challenging Executive Order GA-37, which bars people other than law enforcement officials from transporting migrants whom CBP has previously arrested or who could have been subject to the CDC's Title 42 order. The United States alleges that the executive order is preempted by federal immigration law and violates the doctrine of intergovernmental immunity. No. 3:21-cv-173, Dkt. 1 at 10-11. The same day, the United States moved for a temporary restraining order. *Id.*, Dkt. 3. The Court held a hearing on August 2, and issued a temporary restraining order on August 3 prohibiting Texas from enforcing the executive order until August 13. *Id.*, Dkt. 18.

Today, August 4, Plaintiffs filed this lawsuit challenging the same executive order, and moved for a preliminary injunction. Plaintiffs are migrant shelters and volunteers who house and provide a variety of services, including transportation, to migrants near the border, and a membership organization many of whose migrant members are directly subject to the executive order. They seek protection from the harms that the executive order will cause to border communities, non-governmental organizations, migrants, and their families.

## ARGUMENT

Federal Rule of Civil Procedure 42 provides: "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). "The purpose of consolidation is to permit trial convenience and economy in administration." *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1014 (5th Cir. 1977). The district court "has broad discretion in determining whether to consolidate a case pending before it." *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th

Cir. 1985) (quotation and citation omitted).  It may "order consolidation despite the opposition of the parties." *In re Air Crash Disaster,* 549 F.2d at 1013.

Consolidation is warranted here.  This action and *United States v. Texas* involve common legal and factual questions.  Both challenge the same policy, seek the same preliminary relief, and assert pre-emption and intergovernmental immunity claims.[1]  Plaintiffs have already filed their motion for preliminary injunction, and are prepared to meet the same schedule the Court has set for the United States' motion.

Plaintiffs' case adds several important dimensions, which should be a part of deciding whether to enjoin the executive order.  First, Plaintiffs are presenting a different set of harms that would occur absent an injunction.  While the United States principally focuses on harms to its operations, Plaintiffs focus on harms to their migrant members and clients, the shelters they operate, and the border communities in which three of the four Plaintiffs are located, where the order would particularly subject drivers to a new regime of immigration-related stops and questioning by state officers.  All of these harms should be considered in resolving the preliminary injunction motions.  Second, and relatedly, Plaintiffs' legal theories focus on their own unique harms, federal rights, and role in the immigration system.  It will promote judicial efficiency for the Court to resolve all claims against the executive order at once.

Consolidation is further appropriate because Texas has already sought to exclude Plaintiffs from any injunction that the United States might obtain.  In its TRO brief, it argued (albeit wrongly) that even if the Court enjoined the order, it should exclude Plaintiffs and those

---

[1] Plaintiffs have also pled a Fourth Amendment claim, but are not moving for relief on that basis in their motion for preliminary injunction.

like them from its protection.  Texas TRO Br., No. 3:21-cv-173, Dkt. 9 at 22, 23, 27.  The Court

should therefore consolidate to allow Plaintiffs to assert their interests in one consolidated case.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court consolidate this

case with *United States of America v. The State of Texas, et al.*, No. 3:21-cv-00173 (W.D. Tex.).

Dated: August 4, 2021

Spencer Amdur*
Katrina Eiland*
Cody Wofsy*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Tel: (415) 343-0770
samdur@aclu.org
keiland@aclu.org
cwofsy@aclu.org

Omar Jadwat*
Noor Zafar*
Ming Cheung*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2660
ojadwat@aclu.org
nzafar@aclu.org
mcheung@aclu.org

Respectfully submitted,

*/s/ Adriana Pinon*
Kathryn Huddleston*
Adriana Pinon, TX Bar No. 24089768
Andre Segura*
Bernardo Cruz*
Brantley Shaw Drake*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF TEXAS, INC.
5225 Katy Freeway, Suite 350
Houston, Texas 77007
Tel: (713) 942-8146
apinon@aclutx.org
khuddleston@aclutx.org
brcruz@aclutx.org
sdrake@aclutx.org
asegura@aclutx.org
*Attorneys for Plaintiffs*
*\*Pro hac vice application forthcoming*

4

## CERTIFICATE OF SERVICE

I hereby certify that on August, 4, 2021, this motion was filed simultaneously with the complaint in this action. This motion, along with copies of the summons and complaint, will be served on each Defendant.

*/s/ Adriana Pinon*
Adriana Pinon, TX Bar No. 24089768
August 4, 2021

5