UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANNUNCIATION HOUSE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-178-KC |
| | § | |
| GREG ABBOTT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE

Plaintiffs seek to introduce a litany of additional facts and legal questions into a case that would in no way benefit from their inclusion. The Court has already held an evidentiary hearing on the federal government's motion for preliminary injunction in *United States v. Texas*, No. 3:21-cv-173 (W.D. Tex.). If the Court grants the federal government's requested relief, then there will be no need for the Court to consider Plaintiffs' request for injunctive relief in this case. If the Court denies the federal government's motion, then the proper course of action would be to hold a separate evidentiary hearing on Plaintiffs' motion for a preliminary injunction in this case.

In light of the differences in parties and procedural posture, the Court should deny Plaintiffs' Motion to Consolidate. If anything, this case should be stayed pending resolution of the federal government's preliminary injunction motion in order to avoid wasting judicial and party resources.

### BACKGROUND

On July 30, the United States of America (the Government) sued the State of Texas and Governor Greg Abbott, seeking a declaratory judgment that GA-37 violates the Supremacy Clause

1

and an injunction against the order's enforcement. *United States v. Texas*, No. 3:21-cv-173, ECF No. 1 (W.D. Tex.). The Government moved for a temporary restraining order the same day, *id.*, ECF No. 3, which was granted on August 3, *id.*, ECF No. 18. On August 4, a group of private plaintiffs ("Plaintiffs" here) sought to capitalize on that ruling by filing this case and immediately seeking consolidation. ECF No. 1; ECF No. 5. Since then, the Government's case has progressed briskly, with its preliminary injunction motion now awaiting decision following an August 13 hearing. Conversely, Defendants in this case have only now responded to the very different irreparable injury and balance of equities arguments made by Plaintiffs.

## LEGAL STANDARD

A court may consolidate cases if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). This involves "the joining together—but not the complete merger—of constituent cases," as each case still "retains its independent character." *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018). The moving party bears the burden of proving that consolidation would be proper. 5 James W. Moore & Jeremy C. Wicker, Moore's Fed. Prac. ¶ 42.04[1], p. 42–6 (1994) (citing cases). The district court possesses "very broad discretion" in deciding whether that burden has been met. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993).

Courts tasked with making such a determination generally consider the following five factors: (1) whether the actions are pending in the same court; (2) whether there are common parties; (3) whether there are common questions of law or fact; (4) any risk of prejudice posed by consolidation compared to the risk of inconsistent adjudications if the cases are tried separately; and (5) whether consolidation will promote judicial economy. *See Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015) (citing *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531

(5th Cir. 1993)); *accord Gutierrez v. Allstate Texas Lloyd's*, No. EP-16-CV-315-PRM, 2017 WL 5185480, at *3 (W.D. Tex. Jan. 31, 2017).

ARGUMENT

The Court should deny Plaintiffs' motion to consolidate. Although the two cases partially overlap, consolidation at this stage would undermine judicial efficiency, waste party resources, and complicate proceedings in *United States v. Texas*.

## I.        That the Two Cases Are in the Same District Is Not Dispositive

Plaintiffs have managed to tilt the first factor in their favor by choosing to bring this suit in the same district and division as the Government. Nonetheless, this Court still retains broad discretion on consolidation even when "cases [are] pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Calif.*, 877 F.2d 777 (9th Cir. 1989).

## II.       There Are Important Differences between the Parties

This case and *United States v. Texas* include not only different plaintiffs but also different defendants.

In this case, the plaintiffs are three non-profit groups and a retired lawyer. In *United States v. Texas*, on the other hand, the only plaintiff is the federal government. That difference will matter for issues like standing, for example. Although the federal government claims standing based on its sovereign interests, these plaintiffs rely on associational and organizational standing. *See, e.g.*, ECF No. 1 ¶ 79. Those doctrines present their own nuances that will require legal and factual development in this case that will not matter to the federal government's suit. *See, e.g.*, *Hunt v. Wa. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977); *NAACP v. City of Kyle*, 626 F.3d 233, 236–39 (5th Cir. 2010). Consolidation would not avoid the need for separate standing analyses. *See N.Y. v. Microsoft Corp.*, 209 F. Supp. 2d 132, 146–48 (D.D.C. 2002). After all, "consolidation

3

is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)).

The defendants in this case are Director McCraw and Governor Abbott. The defendants in *Untied States v. Texas* are the State itself and Governor Abbott. The only overlap is Governor Abbott, but as explained elsewhere, he is not a proper defendant in either suit because he does not enforce executive orders. Thus, once this Court resolves jurisdictional and procedural issues in the two cases, the defendants in the two cases likely will not overlap at all (assuming the cases remain live). In any event, consolidation would cause procedural issues given that the private plaintiffs in this case indisputably cannot sue the State of Texas.

## III.    The Cases Feature Different Questions of Both Law and Fact

While the plaintiffs in both cases make Supremacy Clause arguments, each case features other important legal and factual questions that are not present in the other. This is true in the cases' current posture—the preliminary injunction stage—and will be true once they move into discovery and consideration of the merits.

Plaintiffs' arguments on both irreparable harm and the balance of equities differ markedly from those of the Government. Plaintiffs allege that their shelters would be closed, humanitarian work halted, drivers subjected to arbitrary stops, and communities forced to shoulder extra burdens. ECF No. 4 at 24. Conversely, the Government primarily bases its irreparable-harm argument on GA-37's alleged interference with federal immigration law. *United States*, No. 3:21-cv-173, ECF No. 3 at 23–25.

The balance-of-equities and public-interest analyses have even less in common. "[W]hen the Government is the opposing party," the balance-of-harms and public-interest factors merge, as

4

"the government's interest *is* the public interest." *Pursuing Am.'s Greatness v. Fed. Election Comm'n*, 831 F.3d 500, 511 (D.C. Cir. 2016). Where both plaintiff and defendant are governmental entities, and thus are both ostensibly acting in the public's best interest, courts ask whether a party's asserted interest "can be effectively vindicated after a trial on the merits" or "cannot be, given the difficulty of restoring the status quo ante." *Texas v. United States*, 809 F.3d 134, 187 (5th Cir. 2015), *aff'd by an equally divided court*, 136 S.Ct. 2271 (2016) (*mem.*). But where private litigants seek to enjoin a State from securing the health of its citizens, as Plaintiffs do here, the only constituencies they speak for are themselves and their private members. Given their attempt to vindicate their own private interests versus Texas's effort to act in the public interest, Plaintiffs have a much steeper hill to climb than their counterparts in the federal government when arguing that the balance of equities tilts in their favor.

The questions of law would continue to differ greatly even after those motions are decided. Indeed, Plaintiffs raise an additional claim and seek additional relief. Specifically, Plaintiffs here assert a Fourth Amendment claim, ECF No. 1 at 21, though they did not move for a preliminary injunction on that basis. And given their reliance on Section 1983, Plaintiffs have also requested additional relief—attorneys' fees—that the Government cannot. ECF No. 1 at 22; *see also* 42 U.S.C. § 1988(b) ("the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs"). The many differences in the legal issues, claims raised, and relief sought weigh against consolidation.

## IV.   The Risk of Prejudice Outweighs the Risk of Inconsistent Adjudications

Moreover, "consolidation is improper if it would prejudice the rights of the parties." *St. Bernard Gen'l Hosp. Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). For example, consolidation can be inappropriate "in instances where the cases are at

different stages of preparedness for trial." *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989). Similarly, even when cases possess "almost identical questions of law and fact," it is proper to deny consolidation because they are in "markedly different procedural postures." *Pedigo v. Austin Rumba, Inc.*, No. A-08-CA-803-JRN, 2010 WL 2730463, at *1 (W.D. Tex. June 24, 2010). This remains so even when "the cases at issue are pending in the same court and involve common parties." *RTIC Drinkware, LLC v. YETI Coolers*, LLC, No. 1:16-cv-907, 2017 WL 5244173, at *3 (W.D. Tex. Jan. 18, 2017) (denying consolidation because "the cases are at very different stages of litigation").

The federal government's request for a preliminary injunction has long been fully briefed, and this Court has already held an evidentiary hearing on that motion. Plaintiffs' preliminary-injunction motion in this case, by contrast, is not yet fully briefed, and no hearing has been set. Consolidation would either result in speeding up the decision on Plaintiffs' preliminary injunction request, thus prejudicing Defendants here, or slowing down the Court's preliminary injunction decision in the other case, thus prejudicing the parties there.

In comparison to this potential for prejudice, the risk of inconsistent adjudications is not a cause for concern in this instance. The risk of true inconsistency seems non-existent in light of the fact that both cases are assigned to the same judge. Of course, the Court could reach different results on the two preliminary injunction motions based on material differences between the two cases, but that is not an "inconsistency"—and consolidation would not avoid it anyway.

## V.    Consolidation Would Undermine, Not Promote, Judicial Economy

Regardless of how the Court rules on the federal government's preliminary injunction motion, consolidation would waste judicial resources. If the Court rules for the federal government, proceedings in this case would become unnecessary because the federal

6

government's requested relief would prevent enforcement of GA-37 against these Plaintiffs too. And if the Court rules against the federal government, then Plaintiffs' motion in this case will still require separate briefing and a separate evidentiary hearing. With such duplication already resulting from the different procedural postures, consolidation would be useless at this stage. As discussed above, Plaintiffs' arguments on standing, irreparable harm, and balance of the equities differ substantially from the federal government's.

It is possible that consolidation would become more appropriate at a later stage, but even then, the differences in the claims made, relief sought, and standing asserted will still require separate evidence and argument before permanent relief can be decided. *See Neutron Depot, LLC v. Bankrate, Inc.*, No. 2:14-CV-192, 2016 WL 3536721, at *3 (S.D. Tex. June 29, 2016) (denying motion to consolidate because "[e]ven if the cases were tried together, the Defendants will be seeking separate discovery and filing separate dispositive motions and separate judgments will have to be entered for each case"). Important threshold questions involved in one case are not implicated in the other, such as whether the Government possesses a cause of action or the validity of Plaintiffs' reliance on representative or organizational standing. Consolidating these cases while so many dissimilar issues remain threatens to expend judicial resources on issues that will not determine the outcome of either case.

That said, consolidation can always be revisited if the cases begin to progress in tandem following decisions on preliminary relief and it becomes apparent that time and resources are being wasted by keeping the matters separate. Consolidating now, however, would undermine rather than promote judicial efficiency.

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' Motion to Consolidate.

Date: August 23, 2021

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JUDD E. STONE II
Solicitor General
Tex. State Bar No. 24076720

Respectfully submitted.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

LEIF A. OLSON
Special Counsel
Tex. State Bar No. 24032801

J. AARON BARNES
Special Counsel
Tex. State Bar No. 24099014

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
judd.stone@oag.texas.gov
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
leif.olson@oag.texas.gov
aaron.barnes@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on August 23, 2021, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

8