**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISON**

|  |  |
|---|---|
| ANNUNCIATION HOUSE; ANGRY TIAS & ABUELAS OF THE RIO GRANDE VALLEY; JENNIFER HARBURY; FIEL HOUSTON<br><br>Plaintiffs,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas, and STEPHEN MCCRAW, in his official capacity as Director of the State of Texas Department of Public Safety,<br><br>Defendants. | Case No. 3:21-cv-00178-KC |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE**

Texas points to immaterial, minor differences between this case and *U.S. v. Texas*, No. 3:21-cv-173 (W.D. Tex.), in its attempt to thwart consolidation, but its arguments ultimately fail. At bottom, both actions are complementary halves of a single case: They were filed within days of each other, challenge exactly the same executive order on similar grounds, and involve the two sets of parties who will be harmed by the order—private parties and the federal government. Given these commonalities, it would be inefficient for the Court to adjudicate the matters separately, with different scheduling orders yet duplicative evidence and arguments. For example, in *U.S. v. Texas*, the federal government has entered into evidence, in support of its motion for preliminary injunction, Plaintiffs' declarations in support of *their* motion for preliminary injunction in *this* litigation.

Consolidation, on the other hand, will allow the Court to more effectively evaluate the legality of the executive order, both at the preliminary injunction and merits stages, because it can consider the full range of legal claims and harms to all parties together, in one go. Ultimately, consolidation is within the Court's discretion. Here, the balance of factors tips sharply in Plaintiffs' favor, and the Court should reject Texas's attempt to nitpick differences and consolidate this case with *U.S. v. Texas*, No. 3:21-cv-173 (W.D. Tex.).

## ARGUMENT

In deciding whether consolidation is appropriate, courts consider factors such as (1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; and (5) whether consolidation will save time and expense. *See Lay v. Spectrum Clubs, Inc.*, No. SA-12-

CV-00754-DAE, 2013 WL 788080, at *2 (W.D. Tex. Mar. 1, 2013). All five factors favor consolidation here.

Texas asserts that it will be prejudiced by consolidation because the two cases are in different procedural postures, but that is simply not true. Dkt. 22 at 6. Both cases are in the same early stage. Plaintiffs filed their complaint and motion for preliminary injunction three business days after the United States. As of this Wednesday, August 25, both preliminary injunction motions are fully briefed and ready for decision; thus, there will be no need to "speed[] up" or "slow[] down" decisions in either case. *Id.* For all practical purposes, both cases are proceeding on the same timeline, and consolidation will "eliminate unnecessary repetition and confusion" and promote judicial efficiency by dispensing with the need to separately consider the overlapping issues of law and fact. *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973); *see also Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 WL 1411773, at *2 (W.D. Tex. Apr. 8, 2013) (consolidating cases filed less than one month apart, where no dispositive motions had been filed and very little discovery had taken place). This is in stark contrast to the cases Texas cites, where courts rejected consolidation because the actions were in "markedly different procedural postures." *Pedigo v. Austin Rumba, Inc.*, No. A-08-CA-803-JRN, 2010 WL 2730463, at *1 (W.D. Tex. June 24, 2010) (denying consolidation where one case was nearing final judgment after two years and other had just been filed); *see also RTIC Drinkware, LLC v. YETI Coolers, LLC*, No. 1:16-CV-907-RP, 2017 WL 5244173, at *3 (W.D. Tex. Jan. 18, 2017) (same, where consolidation would delay trial by a year or more).

Nor are minor factual differences an obstacle to consolidation here. Texas alleges that analyzing the equities and harm in both cases will involve divergent factual inquiries given the different plaintiffs, Dkt. 22 at 4–5, but it has not genuinely disputed any of the plaintiffs' facts in

either case. *See generally* Texas TRO Br., No. 3:21-cv-173, Dkt. 9 at 7–23; Defs.' PI Br., Dkt. 23 at 8–24. Notably, after calling for an evidentiary hearing in *U.S. v. Texas*, Texas only submitted affidavits and did not put forth any live witnesses. *See* Defs.' Witness List, No. 3:21-cv-173, Dkt. 32 at 1 (all witnesses appearing "by declaration"). Moreover, the majority of the evidence that Plaintiffs rely on was presented at the *U.S. v. Texas* evidentiary hearing, and the Court is already familiar with it. *See id.*, Plf.'s Witness List, Dkt. 33 at 2. Texas even availed itself of the opportunity to address Plaintiffs' evidence in the context of the United States' case, further undercutting their claims of prejudice from consolidation. *See id.*, Defs.' Presentation, Dkt. 42-1 at 69–73.

The overwhelming similarities between the instant case and *U.S. v. Texas* outweigh any minor differences and strongly counsel in favor of consolidation. Fundamentally, the actions are two pieces of the same case. As Texas acknowledges, the cases challenge the same policy, Executive Order GA-37, on the same bases, preemption and intergovernmental immunity, and are pending in the same district before the same judge. Dkt. 22 at 3–4. While the Plaintiffs in this case are private parties, both this case and the federal government's case complement each other— each alleges harms and interests that the other does not, and considering both together will allow the Court to consider the full range of harms, interests, and legal claims implicated by the Order. Plaintiffs are directly regulated by the order, curtailed in their movement and threatened with fines, property seizure, closure of shelters and shutting down of humanitarian aid, profiling, and harassment as a result of the Order. Plaintiffs' interests should be considered in tandem with those of the United States.

Consolidation would thus promote the interests of judicial economy and efficiency by giving the Court a unified set of legal claims and information regarding the Order's impact and

3

implementation in practice. By contrast, adjudicating the cases separately would result in duplicative evidence, discovery, and legal arguments, and require piecemeal consideration of different aspects of the Order's impact that are more appropriately viewed as a whole.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court consolidate this case with *United States v. Texas*, No. 3:21-cv-00173 (W.D. Tex.).


Dated: August 25, 2021

Adriana Pinon, TX Bar No. 24089768
Kathryn Huddleston*
Bernardo Rafael Cruz*
Brantley Shaw Drake*
Andre Segura*
ACLU FOUNDATION OF TEXAS, INC.
5225 Katy Freeway, Suite 350
Houston, TX 77007
Tel. (713) 942-8146
Fax: (713) 942-8966
apinon@aclutx.org
khuddleston@aclutx.org
brcruz@aclutx.org
sdrake@aclutx.org
asegura@aclutx.org

Respectfully Submitted,

*/s/ Spencer Amdur*
Spencer Amdur*
Katrina Eiland*
Cody Wofsy*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Tel: (415) 343-0770
samdur@aclu.org
keiland@aclu.org
cwofsy@aclu.org

Omar Jadwat*
Noor Zafar*
Ming Cheung*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2660
ojadwat@aclu.org
nzafar@aclu.org
mcheung@aclu.org


*Attorneys for Plaintiffs*

*\*Admitted pro hac vice*

4

## CERTIFICATE OF SERVICE

I certify that on August 25, 2021, a true and accurate copy of the foregoing document

wasfiled electronically (via CM/ECF) and served on all counsel of record.

*/s/ Spencer Amdur*
Spencer Amdur